IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TACITUS A. HALL, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:06CV678-HEH |
| ) | |
| BON SECOURS - ST. MARY'S HOSPITAL, ) | |
| ) | |
|     Defendant. ) | |

**MEMORANDUM OPINION**
**(Granting Defendant's Motion to Dismiss)**

This matter is before the Court on Defendant Bon Secours' Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and the applicable Virginia statute of limitations.[1]  Defendant filed a memorandum of law in support of its motion, however, Plaintiff has failed to respond.  The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid in the decisional process.  For the reasons stated herein, the Court will grant Defendant's motion.

**I.  Background**

On June 23, 2003, Plaintiff Tacitus A. Hall's mother, Naomi Hall, died at St. Mary's Hospital.  On June 21, 2005, Plaintiff, a non-attorney, attempted to file a wrongful death action on behalf of his mother against Defendant Bon Secours-St. Mary's Hospital of Richmond, Inc. ("St. Mary's"), alleging negligence on the part of St. Mary's physicians and staff.  Plaintiff filed a

---

[1] Defendant also filed a Motion to Deem Motion to Dismiss Unopposed.  Because the Court will grant Defendant's Motion to Dismiss, this motion is moot.

Petition to Act Pro Se with the Circuit Court of the City of Richmond. By order of June 24, 2005, the circuit court judge denied Plaintiff's petition because the court was not authorized to allow Plaintiff, as a non-attorney, to engage in the practice of law by filing pleadings on behalf of another. Plaintiff appealed the denial, which the Supreme Court of Virginia denied as premature.

On remand, St. Mary's filed a motion to dismiss based on the two-year statute of limitations having run. Finding that Plaintiff never paid the filing fee, was not permitted to proceed *in forma pauperis*, was not licensed to practice law, and was not qualified as a personal representative of his mother's estate, the court determined that an action was not commenced by his filings on June 21, 2005. Accordingly, because no action was commenced within two years of the decedent's death, the court dismissed Plaintiff's claim. Finding no reversible error in the court's dismissal, the Supreme Court of Virginia refused Plaintiff's Petition for Appeal on September 11, 2006, prompting Plaintiff to file the present action on October 12, 2006.

## II. Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Generally, dismissals under Rule 12(b)(6) are disfavored by the courts because of their res judicata effect. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (4th Cir. 1991). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 980 F.2d at 952 (internal quotations omitted). The Court "must assume that the allegations of the complaint are true and construe them in the light most

favorable to the plaintiff." *Id.*

### III. Analysis

Virginia law requires that a wrongful death action be brought "by and in the name of the personal representative" of the decedent. Va. Code Ann. § 8.01-50(b). Plaintiff argues that he should be allowed to bring this action as a "personal representative" because he is the son of the decedent and was her primary caretaker. Such facts alone do not qualify Plaintiff to be a personal representative, and Plaintiff provides no other argument or evidence that he has ever been properly qualified as a personal representative of the decedent's estate. Plaintiff therefore lacks standing to bring a wrongful death action on behalf of the decedent's beneficiaries.

Moreover, even if Plaintiff were the personal representative, a personal representative may not bring a wrongful death action pro se, as Plaintiff is attempting to do here. *See Kone v. Wilson*, 272 Va. 59, 62–63, 630 S.E.2d 744,746 (2006) ("[T]he personal representative merely acts as a surrogate for the decedent's beneficiaries. . . . [The personal representative's] motion for judgment was invalid and without legal effect because he signed the pleading in a representative capacity and was not authorized to practice law in this Commonwealth.").

Even assuming Plaintiff had standing, Virginia law requires that a wrongful death action be brought "within two years after the death of the injured person." Va. Code Ann. § 8.01-244. Plaintiff has filed this suit well past the two-year deadline. Despite Plaintiff's argument otherwise, no tolling provisions apply so as to make his Complaint timely. The Court therefore must grant Defendant's motion to dismiss.

## IV. Conclusion

For the reasons stated above, Defendant's motion is granted.

An appropriate Order will accompany this Memorandum Opinion.

_____
Henry E. Hudson
United States District Judge

ENTERED this _____ day of _____.
Richmond, VA